OPINION AND ORDER
Appellant Joshua White Bull was charged with Domestic Abuse a Class A Misdemeanor, in violation of Comprehensive Code of Justice, (CCOJ), Title VII, Chapter 2, section 245, Criminal Mischief, a Class A Misdemeanor in violation of CCOJ Title VII, Chapter 3, section 322, and three counts of child abuse in violation of CCOJ Title VII, Chapter 2, Section 240, in connection with events that occurred on June 9, 2011. Trial was held on May 8, 2012. Mr. White Bull was convicted of Domestic Abuse and Criminal Mischief. The Court dismissed the Child Abuse charges.
Mr. White Bull was sentenced on the same day. At sentencing, the Tribal Prosecutor informed the Court she was seeking enhancement of the sentence under Title VII, Chapter 2 section 246, Added prosecution for offenses in conjunction with domestic abuse and severe physical domestic abuse. This was Appellant White Bull’s first notice of the potential sentence enhancement. He objected to the lack of prior notice. However, the trial judge granted the Tribe’s request and allowed the prosecutor to raise the misdemeanor domestic abuse charge to a felony offense. On the Domestic Abuse charge, Appellant White Bull was then sentenced to six months in jail, with three months suspended for one year of probation. On the Criminal Mischief charge, Appellant White Bull was ordered to pay restitution.
Appellant White Bull then filed this appeal, contending that his right to due process under the Indian Civil Rights Act, 25. U.S.C. § 1302 had been violated by his lack of prior notice. We reverse the decision of the Tribal Trial Court, but on narrower grounds.
This is the first time we have been presented with the issue of necessity of advance notice of a request for increased punishment under CCOJ Title VII, Chapter 2 section 246. However we have been presented, on several occasions, with the issue of compliance with CCOJ, Title VI, Chapter 4, Section 401, Arraignment. We have consistently demonstrated the importance of full compliance with the requirements of Section 401. See e.g., Fort Peck Tribes vs. Morales, FPCOA No. 307, (2000); Fort Peck Tribes v. First, FPCOA 89, (1989).
Section 401(b) provides in relevant part:

Arraignment.

(b) Arraignment shall be held in open court without unnecessary delay after the accused is taken into custody and in no instance shall arraignment be later that the next regular session of Court.
(c) Before an accused is required to plead to any criminal charges the judge shall;
(1) Read the complaint to the accused and determine that he/she understands the complaint and the Section of the Tribal code which he/she is charged with violating, including the maxim,urn, authorized penalty: (Emphasis added).
Because this provision requires notification to a defendants of the maximum authorized penalty for each offense, we determine that this must include any sentence enhancement requested by the Tribal prosecutor. If the judge is not aware of an enhancement request at the time of the arraignment, then the judge cannot ensure *333 that the defendant understands the maximum potential sentence.
Following the filing of this appeal, on August 13, 2012, the Fort Peck Tribes amended section 246 to add a new section (b) which states:
(b) If the Tribal Prosecutor intends to seek this enhanced punishment, the Tribal Prosecutor shall file notice of this intention in the charging document. (RESOLUTION NO. 26-1202-2012-08.)
We view this amendment as recognition that notice of sentence enhancement must be given in order to comply with the provisions of CCOJ, Title VI, Chapter 4, Section 401, Arraignment
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT:
The May 8, 2012 Order of the Fort Peck Tribal Court sentencing Appellant White Bull under CCOJ Title VII, chapter 2, section 246 is reversed and the case is remanded to the Tribal Trial Court for further proceedings in accordance with this decision.